UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS ROBERTO BONILLA NUNEZ,

    Petitioner,

v.                                                             Case No.:  8:08-cv-2548-T-24EAJ
                                                                                     8:05-cr-362-T-24EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

       This cause is before the Court upon Petitioner Carlos Roberto Bonilla Nunez's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. No. in 08cv2548; Doc. No. 150 in 05cr362). Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.  Background**

       Petitioner was charged with and pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count One) and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count Two). (Crim. Doc. No. 1 and 49). Petitioner was sentenced on January 26, 2006 to 135 months imprisonment, and he filed a notice of appeal from the conviction, judgment, and sentence on

January 30, 2006. (Crim. Doc. No. 73, 74). The Eleventh Circuit affirmed the district court and entered judgment on September 6, 2006. Thereafter, on December 16, 2008, Petitioner mailed the instant § 2255 motion to the Clerk for filing.

## II. Discussion

Petitioner asserts four grounds in support of his contention that he is entitled to relief under § 2255. However, because his motion is untimely, the motion is denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the limitations period for § 2255 motions:

> [The AEDPA] established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. U.S.*, 304 F.3d 1035, 1037-38 (11th Cir. 2002)(citing 28 U.S.C. § 2255(f)(1)-(4)). Petitioner appealed his conviction, and the Eleventh Circuit entered its judgment affirming the conviction on September 6, 2006. Thereafter, Petitioner had until December 5, 2006 to petition the Supreme Court for review. Petitioner did not do so, and as such, his judgment of conviction became final on December 5, 2006. *See Clay v. U.S.*, 537 U.S. 522, 527 (2003)(stating that after a non-meritorious appeal, "[f]inality attaches when th[e] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for

filing a certiorari petition expires").

Since the one-year limitations period began to run on December 5, 2006, Petitioner's § 2255 motion was required to be filed by December 5, 2007 in order to be timely. However, Petitioner did not mail the instant § 2255 motion until December 16, 2008, more than a year after the expiration of the one-year limitations period. As a result, his § 2255 motion is untimely and must be denied.

### III. Conclusion

Accordingly, Petitioner's § 2255 motion is **DENIED** as time-barred. The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of January, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner